IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN T. MOLLIVER, | : |
|     Petitioner | : |
|       v. | : Case No. 3:23-cv-36-KAP |
| LEE ESTOCK, WARDEN, | : |
| S.C.I. PINE GROVE, | : |
|     Respondent | : |

<u>Memorandum Order</u>

Petitioner's "Motion for Enforcing the Judgment…" at ECF no. 13 is denied. There is no judgment to enforce: in fact it does not appear that the Marshal has served the respondent yet.

More fundamentally, what petitioner essentially seeks is an unauthorized default judgment. From the Habeas Corpus Act of 1679 when habeas corpus was understood to be a mechanism for bringing a party into court to review the cause of detention and not an action for judgment in itself, until the modern use of habeas corpus to challenge serious defects in the process used to reach judgment in a criminal case, default judgments have always been regarded as inappropriate in habeas matters. *See* <u>Allen v. Perini</u>, 424 F.2d 134, 138 (6th Cir.1970)("We conclude that in spite of the untimeliness of the State's return, the District Court would have no power to grant the writ of habeas corpus in the absence of an evidentiary hearing and unless and until the averments of the petition have been proved by competent evidence."); <u>United States *ex rel.* Mattox v. Scott</u>, 507 F.2d 919, 924 (7th Cir.1974)("We agree with the Sixth Circuit and Professor Moore's treatise that the Advisory Committee did not intend to provide for a habeas corpus petitioner's release in the event of a failure to make a timely return, for the burden of default would then fall upon the community at large.") That a default judgment is inappropriate is even more certain in the absence of a claim of prejudice, because the purpose of the remedy in habeas is to "rectify the prejudice suffered," <u>Burkett v. Fulcomer</u>, 951 F.2d 1431, 1448 (3d Cir.1991), not to grant a windfall to the petitioner.

Because the civil rules expressly conform current procedure to prior procedure, default judgments are not authorized in habeas corpus. *See* Fed.R.Civ.P. 81(a)(4)(B) (Federal Rules of Civil Procedure are applicable in habeas to the extent that they conform to prior practice).

DATE: May 26, 2023

Keith A. Pesto,
United States Magistrate Judge

Notice by ECF to counsel and by U.S. Mail to:

John T Molliver QN-7837
S.C.I. Pine Grove
189 Fyock Road
Indiana, PA 15701