IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN T. MOLLIVER, | : |
|     Petitioner | : |
|     v. | : Case No. 3:23-cv-36-KAP |
| LEE ESTOCK, WARDEN, | : |
| S.C.I. PINE GROVE, | : |
|     Respondent | : |

## Memorandum Order

In February 2023 petitioner John Molliver filed at ECF no. 9 a hybrid petition for a writ of habeas and civil rights complaint. After Molliver elected to treat it as a habeas petition, *see* ECF no. 3 and ECF no. 4, it was served on the respondent. Having reviewed the petition and the Response filed at ECF no. 20, the petition is dismissed without prejudice as unexhausted without a certificate of appealability for the reasons given below. The Clerk can mark this matter closed

Molliver attacks his custody pursuant to a 24-48 month sentence imposed on February 7, 2022 in the Court of Common Pleas of Blair County (Honorable Elizabeth Doyle, P.J.), after a jury found him guilty of burglary and related offenses. *See* <u>Commonwealth v. Molliver</u>, No. CP-07-CR-483-2021 (C.P.Blair), *affirmed*, <u>Commonwealth v. Molliver</u>, No. 279 WDA 2022, 290 A.2d 691 (table), text at 2022 WL 17769608, at *1 (Pa.Super. Dec. 19, 2022). Molliver's counseled direct appeal presented only two claims, both state law claims dealing with the jury's alleged erroneous completion of the verdict slip. Molliver did not seek further review of his direct appeal.

Molliver filed a PCRA petition while his direct appeal was still pending that Judge Doyle dismissed in May 2022. Molliver filed another PCRA petition while the direct appeal was pending in August 2022, and he also filed a motion for reconsideration of sentence in February 2023, about the time this federal petition was filed. Judge Doyle denied the sentencing motion in February 2023. In June 2023 Molliver filed a third PCRA petition. Judge Doyle promptly appointed Robert Donaldson, Esquire, as PCRA counsel. Judge Doyle gave Donaldson 90 days to amend the PCRA petition and scheduled a hearing in the PCRA proceedings for October 11, 2023.

Habeas relief can only be granted for violations of federal law. Since no federal issues were exhausted in the direct appeal (in fact the principal claim in Molliver's petition is that counsel was ineffective for not raising certain issues in the direct appeal) and the PCRA proceedings are not completed (and there is no credible claim that they are unduly delayed) this court has no power to grant a writ unless the respondent waives exhaustion,

*see* 28 U.S.C.§ 2254(b)(3), because 28 U.S.C.§ 2254(b)(1) provides:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that-
> (A) the applicant has exhausted the remedies available in the courts of the State; or
> (B)(i) there is an absence of available State corrective process; or
> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

The respondent, *see* Response at 4, does not waive exhaustion. Molliver can return to this court when he has exhausted his state court remedies. Because petitioner does not make a "substantial showing of the denial of a constitutional right," 28 U.S.C.§ 2253(c)(3), no certificate of appealability is issued.

DATE: September 6, 2023

Keith A. Pesto,
United States Magistrate Judge

Notice by ECF to counsel of record and by U.S. Mail to:

John T Molliver QN-7837
S.C.I. Pine Grove
189 Fyock Road
Indiana, PA 15701