IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN T. MOLLIVER,          : | |
|     Petitioner          : | |
|     v.          : | Case No. 3:23-cv-36-KAP |
| LEE ESTOCK, WARDEN,          : | |
| S.C.I. PINE GROVE,          : | |
|     Respondent          : | |

<u>Memorandum Order</u>

The petitioner's pleading styled "Respectful Objection…" at ECF no. 22, considered as a motion under Fed.R.Civ.P. 59(e), is denied.

As the Court of Appeals noted in the course of affirming this Court in <u>Moton v. Wetzel</u>, 833 Fed.Appx. 927, 930 (3d Cir. 2020), *citing* <u>Walker v. Astrue</u>, 593 F.3d 274, 279 (3d Cir. 2010) and <u>Lewis v. Attorney General</u>, 878 F.2d 714, 722 n.20 (3d Cir. 1989), a court can construe motions under Fed. R. Civ. P. 59(e) to alter or amend a judgment and motions under Fed. R. Civ. P. 60(b) to vacate a judgment interchangeably to do substantial justice. Since courts are free to characterize *pro se* motions according to their substance rather than their titles and this is a consent case, which makes "objections" a misnomer, the proper thing to do is similarly to construe a timely but mistaken objection as a motion to alter or amend the judgment.

A motion under Fed.R.Civ.P. 59 is properly used to alert the court to an intervening change in controlling law or new relevant evidence, or to prevent a clear error of law or manifest injustice. <u>Wiest v. Lynch</u>, 710 F.3d 121, 128 (3d Cir.2013); <u>Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros</u>, 176 F.3d 669 (3d Cir. 1999). It is not a chance to repeat previous arguments, to argue points overlooked and not raised in a timely manner, nor is it a substitute or supplement to an appeal, because courts have a strong interest in finality of judgments. <u>Allegheny Valve & Coupling, Inc. v. H&H Metal Specialty, Inc.</u>, No. CV 07-322, 2009 WL 10687578, at *3 (W.D. Pa. Apr. 30, 2009). As the Court of Appeals quoted in similarly construing the scope of Rule 60(b) motions, "It is just as important that there should be a place to end as that there should be a place to begin litigation." <u>Kock v. Gov't of Virgin Islands</u>, 811 F.2d 240, 243 (3d Cir. 1987)(*ultimately quoting* <u>Stoll v. Gottlieb</u>, 305 U.S. 165, 172 (1938)). Petitioner's motion, to the extent it makes any coherent argument, confirms that his habeas petition was unexhausted. It fails to provide any reason to reconsider the judgment.

To the extent a certificate of appealability is relevant to any appeal, none will issue. A certificate of appealability should issue when the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  A substantial

1

showing is not synonymous with success: a petitioner need only show that jurists of reason would debate the correctness of the district court's denial of a habeas petition. *See* Miller-El v. Cockrell, 537 U.S. 322, 336 (2003); Hickox v. Superintendent Benner Twp. SCI, 2020 WL 6437411, at *1 (3d Cir. Oct. 29, 2020).  At the same time, it is more than good faith or the absence of frivolity on the part of the petitioner. Miller-El v. Cockrell, 537 U.S. at 338. Petitioner presents no debatable issues under that standard.

DATE: February 15, 2023

Keith A. Pesto,
United States Magistrate Judge

Notice by ECF to counsel of record and by U.S. Mail to:

John T Molliver QN-7837
S.C.I. Pine Grove
189 Fyock Road
Indiana, PA 15701